IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Kelsey T. Carney, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: _____ |
| | ) |
| One Club, LLC; | ) |
| One Club Gulf Shores, LLC; | ) |
| One Club Management, LLC; | ) |
| UC Funds Realty, LLC; and | ) |
| Fictitious Defendants A, B, C, and/or D, the | ) |
| person, firm or Corporation responsible for | ) |
| the termination of Plaintiff's employment | ) |
| on July 28, 2025, | ) |
| | ) |
| Defendants. | ) |

COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Kelsey T. Carney ("Plaintiff" or "Ms. Carney"), for her Complaint against Defendants One Club, LLC, One Club Gulf Shores, LLC, One Club Management, LLC, (collectively "One Club"), UC Funds, LLC ("UC Funds"), Fictitious Defendants A, B, C, and/or D, (collectively, "Defendants"), states as follows:

I. INTRODUCTION

1. This is an action for discrimination, retaliation, and failure to accommodate under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., including the Pregnancy Discrimination Act, and the Pregnant Workers Fairness Act (PWFA), 42 U.S.C. § 2000gg et seq.

2. Within days of notifying Defendants that she was pregnant and requesting flexibility for prenatal medical appointments, Ms. Carney was demoted from Assistant Manager to Leasing Agent and then terminated on July 28, 2025. The U.S. Equal Employment Opportunity

Commission (EEOC) issued a Letter of Determination finding reasonable cause that Defendants discriminated and retaliated against Ms. Carney in violation of Title VII and the PWFA.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII and the PWFA.

4. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred in Gulf Shores, Baldwin County, Alabama, within this District.

5. Defendants are employers within the meaning of Title VII and the PWFA. See EEOC Letter of Determination dated January 16, 2026, (Charge No. 425-2025-02097), (Exhibit A).

## III. PARTIES

6. Plaintiff Kelsey T. Carney is an individual residing in Baldwin County, Alabama. At all relevant times, she was employed by One Club and/or Defendants in Gulf Shores, Alabama.

7. Defendants One Club, LLC is an employer located at 20050 Oak Road East, Gulf Shores, AL 36542, and at all relevant times employed Plaintiff.

8. Defendant One Club Gulf Shores, LLC is an affiliated entity with operational control and may be an integrated enterprise and/or joint employer with One Club with respect to employment actions taken against Plaintiff.

9. Defendant One Club Management, LLC is an affiliated entity with operational control and may be an integrated enterprise and/or joint employer with One Club with respect to employment actions taken against Plaintiff.

10. Defendant UC Funds Realty, LLC is an affiliated entity with operational control referenced in internal communications included on management emails and may be an integrated enterprise and/or joint employer with One Club with respect to employment actions taken against Plaintiff. See Ack of Resignation email, (Exhibit B).

IV. ADMINISTRATIVE EXHAUSTION

11. Ms. Carney timely filed an EEOC Charge of Discrimination (Charge No. 425-2025-02097) alleging pregnancy discrimination, retaliation, and related violations under Title VII and the PWFA.

12. On January 16, 2026, the EEOC issued a Letter of Determination finding reasonable cause to believe Ms. Carney was discriminated and retaliated against in violation of Title VII and the PWFA. The EEOC noted the Respondent failed to fully respond to the charge and that an adverse inference could be drawn. (Exhibit A). The EEOC invited conciliation based on reasonable cause to believe that violations of the statute(s) occurred and provided Plaintiff with a right to sue notice.

13. Plaintiff has satisfied all conditions precedent to filing suit.

V. FACTUAL ALLEGATIONS

14. Ms. Carney began working for One Club in or about January 2025. On July 25, 2025, One Club verified her employment as Leasing Manager, full-time, in good standing. See

Income Verification Letter dated July 25, 2025, signed by Roger Manning, Director of Operations, (Exhibit C).

15. On July 14, 2025, Ms. Carney received a raise. See Forced Resignation email from Ms. Carney to management dated July 29, 2025 (acknowledging a raise on July 14, 2025), (Exhibit D).

16. On or about Wednesday, July 23 or 24, 2025, Ms. Carney informed her team and upper management that she was pregnant and requested flexibility to accommodate medical appointments. See Forced Resignation email (Exhibit D).

17. On July 28, 2025, three to four days after her pregnancy disclosure, Defendants demoted Ms. Carney from Assistant Manager to Leasing Agent. See EEOC Letter of Determination and Forced Resignation email. (Exhibits A and D).

18. On the same date, July 28, 2025, after Ms. Carney asked about scheduling flexibility to accommodate medical appointments, Defendants terminated her employment. See EEOC Letter of Determination. (Exhibit A).

19. Ms. Carney worked a full eight-hour shift on July 28, 2025. See timekeeping screenshot reflecting eight (8) hours worked on July 28, 2025. (Exhibit F).

20. Following the demotion, Ms. Carney did not resign. Instead, management characterized her refusal to accept the demotion as an immediate resignation and ended her employment. See email from Shelby Averett to Ms. Carney, July 29, 2025 ("acknowledge your resignation... following your decision to clean out your desk, leave your keys, and walk off the job..."), and Ms. Carney's responses disputing resignation and describing a "forced resignation" due to demotion and pregnancy-related circumstances. (Exhibit E).

21. The EEOC determined there was reasonable cause to believe Defendants discriminated against Ms. Carney because of her pregnancy and retaliated against her for requesting an accommodation. See EEOC Letter of Determination. (Exhibit A).

22. As a direct and proximate result of Defendants' actions, Ms. Carney lost her job, wages, health insurance, and employer-provided housing benefits, causing financial and emotional harm.

## VI. CAUSES OF ACTION
### Count I – Pregnancy Discrimination
(Title VII, as amended by the Pregnancy Discrimination Act)

23. Plaintiff realleges Paragraphs 1 through 22 above with the same force and effects as if fully set out in specific detail hereinbelow.

24. Plaintiff is a member of a protected class based on sex/pregnancy.

25. Plaintiff disclosed her pregnancy to Defendants and requested flexibility for prenatal appointments.

26. Within days, Defendants demoted Plaintiff and then terminated her employment on July 28, 2025.

27. The EEOC found reasonable cause that Defendants discriminated against Plaintiff because of her pregnancy. The close temporal proximity between disclosure and adverse actions supports causation.

28. Defendants' actions constitute unlawful discrimination in violation of Title VII.

### Count II – Retaliation
(Title VII)

29. Plaintiff realleges Paragraphs 1 through 28 above with the same force and effects as if fully set out in specific detail hereinbelow.

30. Plaintiff engaged in protected activity by requesting an accommodation and raising pregnancy-related needs.

31. Defendants took materially adverse actions against Plaintiff, including demotion and then termination on July 28, 2025.

32. The EEOC found reasonable cause that Defendants retaliated against Plaintiff for requesting an accommodation.

33. Defendants' actions constitute unlawful retaliation in violation of Title VII.

### Count III – Failure to Provide Reasonable Accommodation; Interference/Retaliation
### (Pregnant Workers Fairness Act)

34. Plaintiff realleges Paragraphs 1 through 33 above with the same force and effects as if fully set out in specific detail hereinbelow.

35. Plaintiff requested a reasonable accommodation related to her pregnancy; she requested flexibility to work Saturdays when she had prenatal appointments during the workweek.

36. Rather than engage in the interactive process and provide a reasonable accommodation, Defendants demoted and then terminated Plaintiff on July 28, 2025.

37. The EEOC determined there is reasonable cause to believe Defendants violated the PWFA.

38. Defendants' actions constitute unlawful failure to accommodate and retaliation/interference under the PWFA.

## VII. DAMAGES

39. As a result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer: lost wages, benefits, and commissions; Loss of employer-provided or employment-dependent housing and related costs; Loss of health insurance/coverage; Emotional distress and related non-economic damages; Out-of-pocket expenses.

40. Plaintiff seeks all remedies available under Title VII and the PWFA, including but not limited to back pay, front pay or reinstatement, compensatory damages, punitive damages where authorized, pre- and post-judgment interest, attorneys' fees, and costs.

## VIII. JURY DEMAND

43. Plaintiff demands a trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, and award the following relief: A declaratory judgment that Defendants' conduct violated Title VII and the PWFA; Reinstatement to her former position with full seniority and benefits, or in the alternative, front pay; back pay, lost benefits, and lost commissions with interest; Compensatory damages for emotional distress and related losses; Punitive damages as permitted by law; Attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k) and applicable law; Any other legal or equitable relief the Court deems just and proper.

Dated: March 9, 2026

    Respectfully submitted,

BY: /s/Derek C.S. Rose
DEREK ROSE (ROS040)
CALDWELL WENZEL & ASTHANA, P. C.
Post Office Box 2158
Foley, Alabama 36536
(251) 444-7000
drose@cwalawfirm.com

/s/C. Randall Caldwell, Jr.
C. RANDALL CALDWELL, Jr. (CAL062)
CALDWELL WENZEL & ASTHANA, P. C.
Post Office Box 2158
Foley, Alabama 36536
(251) 444-7000
rcaldwell@cwalawfirm.com

Exhibits:

"A"   EEOC Letter of Determination January 16, 2026 (Charge No. 425-2025-02097)

"B"   Ack of Resignation email from Shelby Averett to Ms. Carney, July 29, 2025

"C"   Income Verification Letter dated July 25, 2025

"D"   Forced Resignation email from Ms. Carney to management dated July 29, 2025

"E"   Timekeeping screenshot reflecting eight (8) hours worked on July 28, 2025.


DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

One Club, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

One Club Gulf Shores, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

One Club Management, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

UC Funds Realty, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Kelsey T. Carney, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: _____ |
| ) | |
| One Club, LLC; ) | |
| One Club Gulf Shores, LLC; ) | |
| One Club Management, LLC; ) | |
| UC Funds Realty, LLC; and ) | |
| Fictitious Defendants A, B, C, and/or D, the ) | |
| person, firm or Corporation responsible for ) | |
| the termination of Plaintiff's employment ) | |
| on July 28, 2025, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ONE CLUB, LLC**

COMES NOW Plaintiff, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and propounds to Defendant ONE CLUB, LLC, the following interrogatories, request for production of documents and requests for admission, to be answered and responded to within thirty (30) days after service hereof.

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting in your or their behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26 of the Federal Rules of Civil

Procedure, you are under a duty to seasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify and the substance of his testimony.

You are under a duty to seasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories and requests for production:

"You" and "your" shall mean the defendant and each of his attorneys, employees, agents, or representatives and all other persons acting on his behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Document" shall mean any written, recorded, transcribed, punched, taped, filmed or graphic matter of any kind or description, however produced or reproduced.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Accident" or "Incident" refers to the dismissal of Plaintiff's employment, made the basis of this litigation.

"Identity" or "identification," when used with reference to a person, shall mean to state the full name and present or last known address of said person.

"Identity" or "identification," when used with reference to a document, shall mean to state

its date, author or signor, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was, but is no longer in your possession, custody or control, state what disposition was made of it and the reason for its disposition.

## INTERROGATORIES

1. Please identify the person or persons responding to these Interrogatories and/or who has provided information in connection with these Interrogatory answers and what company(s) that person works for and their title with said company.

**RESPONSE:**

2. List each and every employee for ONE CLUB and/or any other entity within ONE CLUB's authority or control that has any information on the termination of Plaintiff's employment and list each employee's, job title and description of employment, and if they are still employed with ONE CLUB. If any of the employees are not still employed with ONE CLUB state their date of termination and list the last known address and telephone number for each.

**RESPONSE:**

3. State, in detail, your understanding of the sequence of events that occurred from the time that Plaintiff informed ONE CLUB that she was pregnant to the time ONE CLUB, LLC terminated Plaintiff's employment.

**RESPONSE:**

4. Describe each and every communication that ONE CLUB and/or any other entity within ONE CLUB's authority or control and/or any employee with ONE CLUB had with anyone regarding Plaintiff's employment termination made the basis of this lawsuit.

**RESPONSE:**

5.  How many employees does ONE CLUB employ? In answering this interrogatory, please state whether or not that total number of employees includes employees of ONE CLUB, LLC, ONE CLUB GULF SHORES, LLC, ONE CLUB MANAGEMENT, LLC, UC FUNDS REALTY, LLC or any other entity within ONE CLUB's authority or control.

**RESPONSE:**

6.  Were any interviews, recordings, videos, or notes taken of the incident or leading up to, during, and after the Plaintiff's termination? If so, state:

    (a)  Name, address and day-time telephone number of each person who took such interviews, recordings, notes, and/or videos;

    (b)  A description of what is shown in each interview, recording, notes, and/or videos;

    (c)  Enclose copies of each interview, recordings, notes, and/or videos with your answers.

**RESPONSE:**

7.  Has anyone on behalf of ONE CLUB and/or any other entity within ONE CLUB's authority or control given a statement to anyone with regard to Plaintiff's termination? If so,

    (a)  Give the name, address and day-time telephone number of each and every person whom a statement a given;

    (b)  Describe specifically what was said in this conversation;

    (c)  State whether the statement was written, recorded, or verbal.

    (d)  When was the statement given? and

    (e)    Give the name and address of each other person present during this conversation.

**RESPONSE:**

8. Please state the name of the person/employee/supervisor/manager who terminated Plaintiff's employment with ONE CLUB and/or any other entity within ONE CLUB's authority or control. Please state that person's title or position with ONE CLUB and who that person reported to at ONE CLUB and/or any other entity within ONE CLUB's authority or control.

**RESPONSE:**

9. Please state the reason why Plaintiff's employment was terminated with ONE CLUB and provide any and all correspondence anyone at ONE CLUB and/or any other entity within ONE CLUB's authority or control had with Plaintiff that relates to her employment being terminated.

**RESPONSE:**

10. Identify each employee, agent or any other person with knowledge of Plaintiff's employment termination. For each such individual, identify his or her job title and job function at the time of this incident, and the summary of what knowledge he or she has.

**RESPONSE:**

11. Identify any individual you are aware of that has knowledge of the facts and circumstances of this case, including but not limited to anyone who had communication with Plaintiff, anyone who communicated with ONE CLUB and/or any other entity within ONE CLUB's authority or control about Plaintiff

or her termination, any communication between ONE CLUB and any employee of ONE CLUB and/or any other entity within ONE CLUB's authority or control regarding Plaintiff or her termination. For each communication listed, please provide a brief description of the communication and state whether the communication was oral or written.

**RESPONSE:**

12. Identify each person interviewed concerning the Plaintiff's employment termination. For each such person state the date of the interview; the substance of the interview and if the interview was recorded and/or transcribed.

**RESPONSE:**

13. Please state the name, address and day-time telephone number of all witnesses whom you expect to call on your behalf during the trial of this cause. For each said witness, give a detailed description of what that person is expected to testify about.

**RESPONSE:**

14. State the name and specialty of all experts whom you propose to call as witnesses at trial, and for each expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify and attach to your Answer copies of all written reports of each such expert.

**RESPONSE:**

15. Please list each and every person who has made a claim and/or filed an EEOC

complaint for employment, racial, gender, and/or age discrimination at ONE CLUB and/or any other entity within ONE CLUB's authority or control, within the last 10 years. For each such instance please provide the name of the person, the type of discrimination, the employee who was accused of discrimination, their job title/position and the result of said discrimination claim.

**RESPONSE:**

16. Please state the relationship between all named Defendants to this action made the basis of this lawsuit. For each named Defendant please give a detailed description of such relationship and if each named Defendant is managed by the same person(s) or management team.

**RESPONSE:**

17. Please state if all named Defendants are the proper names of the Defendants to this action made the basis of this lawsuit.

**RESPONSE:**

18. Please state if ONE CLUB is aware of any other party that should be named as a Defendant that is not already named.

**RESPONSE:**

19. Please state the name of ONE CLUB's and/or any other entity within ONE CLUB's authority or control general liability insurance carrier, mailing address, policy number, and its policy limits.

**RESPONSE:**

20. Please state whether or not ONE CLUB and/or any other entity within ONE CLUB's authority or control has filed a claim with its general liability insurance

carrier for the Plaintiff's employment discrimination case or put its general liability carrier on notice of said claim and/or complaint by Plaintiff.

**RESPONSE:**

21. Please state whether or not ONE CLUB's and/or any other entity within ONE CLUB's authority or control general liability insurance carrier was apprised that ONE CLUB failed to defendant itself or otherwise participate in the Plaintiff's EEOC claim?

**RESPONSE:**

22. Please state if ONE CLUB is aware that the EEOC determined that ONE CLUB discriminated against Plaintiff by terminating her employment after she informed ONE CLUB that she was pregnant in violation of the Civil Rights Act of 1964 as amended and The Pregnant Workers' Fairness Act.

**RESPONSE:**

23. Please state the organizational structure of ONE CLUB and if it includes ONE CLUB, LLC, ONE CLUB GULFSHORES, LLC, ONE CLUB MANAGEMENT, LLC, and UC FUNDS REALTY, LLC and/or any other entity within ONE CLUB's authority or control and how they are connected? Do all of the above-named entities share the same managerial structure with each other? If so, please list the person who is in charge of said company(s).

**RESPONSE:**

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

Produce for inspection and copying for discovery and at trial each of the items and matters itemized hereafter.

A.   <u>Discovery production</u> - at the office of C. Randall Caldwell, Jr., Caldwell Wenzel & Asthana, P.C., Foley, Alabama, within <u>30</u> days after the service of this request and to be thereafter supplemented as required by the provisions of Rule 26.

B.   <u>At trial</u> - the production is to occur again at any trial date set by the Court in this matter.

1. Produce a copy of each and every claim made against ONE CLUB for discrimination in the last ten (10) years.

2. Produce a complete copy of each and every employee's personnel file at ONE CLUB who had any supervisor authority and/or managerial authority over Plaintiff's employment and/or Plaintiff's termination.

3. Produce a complete copy of any and all notes, reports, investigation, taken by or on behalf of ONE CLUB or any other entity within ONE CLUB's authority regarding Plaintiff's employment and/or Plaintiff's termination.

4. Produce a complete copy of Plaintiff's personnel file.

5. Produce a complete copy of any statement, either oral or in writing, which is in your possession and/or you have provided to any party, representative, insurance agent, investigator, or other agent, with regard to Plaintiff's employment and/or Plaintiff's employment termination made the basis of this lawsuit.

6. Produce a complete copy of any opinions, reports, e-mails, text messages, or other communication from any expert you have consulted with regarding this case.

7. Any and all other documents that were requested in the Interrogatories above.

8. A complete copy of any document which you intend to use at trial of this matter.

9. A complete copy all communications between ONE CLUB and/or any other entity within ONE CLUB's authority or control and/or its employees that it had with any person or entity regarding the incident made the basis of this lawsuit.

10. A complete copy of all communications between ONE CLUB and/or any other entity within ONE CLUB's authority or control and/or its employees that it had with the Plaintiff made the basis of this lawsuit.

11. Please produce a complete copy of any and all policies of insurance that covers ONE CLUB, and/or any other entity within ONE CLUB's authority or control for general liability.

12. Please provide a complete copy of ONE CLUB's and/or any other entity within ONE CLUB's authority or control policies and procedures as it relates to employees, employee terminations, and/or employee discrimination claims/complaints.

Respectfully Submitted,

*s/C. Randall Caldwell, Jr*
C. RANDALL CALDWELL, JR. (CAL062)
CALDWELL WENZEL & ASTHANA, PC
*Attorney for Plaintiff*
Post Office Box 2158
Foley, Alabama 36536
(251)444-7000
rcaldwell@cwalawfirm.com

*/s/Derek C.S. Rose*
DEREK ROSE (ROS040)
CALDWELL WENZEL & ASTHANA, PC
Post Office Box 2158

                  Foley, Alabama 36536
                  (251) 444-7000
                  drose@cwalawfirm.com

**TO BE FILED WITH THE COMPLAINT**